```
                 UNITED STATES DISTRICT COURT
                 EASTERN DISTRICT OF MISSOURI
                       EASTERN DIVISION
```

JANE CRAWFORD ROSS,              )
                                 )
      Plaintiff/Garnishor,       )
                                 )
v.                               )    No. 4:10 CV 1499 DDN
                                 )
                                 )
SCOTTSDALE INSURANCE COMPANY,    )
                                 )
      Defendant/Garnishee.       )

**MEMORANDUM AND ORDER**

**REMANDING ACTION TO STATE COURT**

This action is before the court on the motions of plaintiff Jane Crawford Ross to remand the action to the Circuit Court of the County of St. Louis (Doc. 9) and for sanctions (Doc. 7). The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 11.) Oral arguments were heard on November 10, 2010.

**I.   BACKGROUND**

On April 5, 2007, Ross commenced a personal injury action against Pinnacle Management, Inc. (Pinnacle), and Universal Service, Inc. in the Circuit Court of St. Louis County, Missouri.[1] On October 4, 2007, Ross obtained a $325,000 default judgment against Pinnacle. Because the judgment against Pinnacle was unsatisfied, on May 28, 2010, in the Circuit Court, Ross filed garnishment papers against "Scottsdale Indemnity Company." The papers that were filed included a Summons to Garnishee and interrogatories to the garnishee. (Doc. 1 at 6-14.) The record is undisputed that the garnishment papers were addressed to the "C/O DIRECTOR, DEPARTMENT OF INSURANCE, SCOTTSDALE INDEMNITY COMPANY" at the address of the Missouri State Department of Insurance, Financial

---

[1] According to Ross, with regard to the original personal injury action, "Universal Services, Inc. . . . was never served." (Doc. 12 at 1.) Universal Services is not a party to this action, and is not implicated in the pending motions.

Institutions, and Professional Registration in Jefferson City, Missouri. (Id. at 6.)  These papers were received by the DOI on June 30, 2010. (Id.)  It is also undisputed that the papers were sent by the DOI and were received by the insurance company on July 14, 2010.  (Id. at 4.) On August 12, 2010, Scottsdale Insurance Company (Scottsdale)[2] filed the instant notice of removal pursuant to § 28 U.S.C. 1441, relying on diversity jurisdiction, 28 U.S.C. § 1332.[3]  (Doc. 1 at ¶ 3.)

## II.  MOTION TO REMAND

Jane Crawford Ross moves to remand this case to the Circuit Court of the County of St. Louis.  Ross argues that Scottsdale's removal was untimely because the 30-day removal deadline imposed by 28 U.S.C. § 1446(b) began to run when she served the Department of Insurance on June 30, 2010.  (Docs. 9, 10, 15.)  Ross also seeks attorney fees accrued in litigating removal as a sanction for improper removal.  (Docs. 7, 8.) Scottsdale responds that the 30-day deadline did not begin to run until July 14, 2010 — the day it received a copy of the garnishment process. (Doc. 12.)  Ross replies that Scottsdale's arguments are inapplicable to insurers under Missouri law.  (Doc. 15.)

---

[2]The garnishment papers filed with the DOI identified the relevant insurer as "Scottsdale Indemnity Company."  (Doc. 1 at 4.)  But the insurance company that filed the notice of removal is denominated "Scottsdale Insurance Company."  (Id. at 1.)  Scottsdale's Notice of Removal identified itself as the party on whom the garnishment was served and the record indicates that Scottsdale Insurance Company answered the garnishment interrogatories in the circuit court to which plaintiff took exception. (Doc. 5.)  Scottsdale states in its memorandum in opposition to the pending motions that it is Pinnacle's commercial liability insurer. (Doc. 12 at 1.)  Therefore, solely for the purposes of deciding the pending motions, the court considers Scottsdale Insurance Company the proper party.

[3] 1In its notice of removal, Scottsdale stated: "The Plaintiff[,] at the time the action in state court was commenced[,] was and still is a citizen of the State of Missouri.  The Defendant, at the time the action was commenced in state court[,] was and still is an insurance company organized and existing under the laws of the State of Arizona, with its principal place of business in Scottsdale, Arizona." (Doc. 1 at ¶ 4.)  Ross does not challenge this aspect of Scottsdale's removal.

## III. DISCUSSION

Federal law requires a notice of removal to be filed within thirty days of service. 28 U.S.C. § 1446(b). "The party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied." Dorsey v. Sekisui Am. Corp., 79 F. Supp. 2d 1089, 1091 (E.D. Mo. 1999).

Plaintiff alleges and Scottsdale Insurance Company does not dispute that, under Missouri law, it is a foreign insurance carrier. As a foreign insurance carrier, Scottsdale was required by Missouri law to appoint and authorize the Department of Insurance to receive service of process. Mo. Rev. Stat. § 375.906. Furthermore, under Missouri law, a foreign insurance company must "consent[] that service upon the director shall be deemed personal service upon the company." Id. Once process is served upon the director in this capacity, "the process shall immediately be forwarded by first class mail prepaid and directed to the secretary of the company . . . ." Id. Serving the director with process "is of the same legal force and validity as personal service of process . . . upon the insurer." Byrd v. Auto-Owners Ins. Co., No. 4:08 CV 1368 SNLJ, 2008 WL 5071105, at *4 n.3 (E.D. Mo. Nov. 24, 2008) (quoting Mo. Rev. Stat. § 375.256).

Ross invokes this court's ruling in American States Insurance Company v. Gates Corporation, Nos. 4:07 CV 932 RWS, 4:07 CV 1554 RWS, 2008 WL 163588 (E.D. Mo. Jan. 17, 2008), in arguing that the 30-day removal deadline begins to run when the DOI receives service of process. In American States, the court contemplated the application of Mo. Rev. Stat. § 375.906 in a motion to remand. The plaintiff served the defendant-insurer's process agent, the director of the Department of Insurance, on July 25, 2007. The defendant-insurer removed the garnishment action to federal court on September 4, 2007, arguing that it was not served for purposes of determining timeliness of removal until it received the notice of service from the director. The court held the plaintiff's service of the director on July 25, 2007 constituted personal service upon the defendant-insurer, making the September 4, 2007 removal untimely, and remanded the action. American States, 2008 WL 163588, at *1-3.

Scottsdale cites Hayes v. Pharmacists Mutual Insurance Company, 276 F. Supp. 2d 985 (W.D. Mo. 2003); Mahony v. Witt Ice & Gas Co., 131 F. Supp. 564 (W.D. Mo. 1955); and Welker v. Hefner, 97 F. Supp. 630 (E.D. Mo. 1951), in arguing that the 30-day removal deadline did not begin until it received a copy of the writ of garnishment in the mail from the director. However, the Hayes court did not consider the effect of Mo. Rev. Stat. § 375.906 on the 30-day removal deadline of 28 U.S.C. § 1446(b). Rather, the court considered whether a writ of garnishment contained information sufficient under 28 U.S.C. § 1446(b) to trigger the start of the deadline, and the effect of a garnishor filing exceptions to the garnishee's answer. Hayes, 276 F. Supp. 2d at 988-89. Further, neither Mahony nor Welker implicate Mo. Rev. Stat. § 375.906 because neither of the defendants in those cases were insurers.

Scottsdale argues that serving a statutory agent, not appointed by the defendant, is insufficient to begin the removal deadline, citing Monterey Mushrooms, Inc. v. Hall, 14 F. Supp. 2d 988, 990-91 (S.D. Tex. 1998); 1015 Half Street Corp. v. Warehouse Concepts, Inc., No. Civ. A. 99-1174 SSH, 1999 WL 1212885, at *2 (D.D.C. Oct. 26, 1999); Lilly v. CSX Transp., Inc., 186 F. Supp. 2d 672, 673-74 (S.D.W. Va. 2002); and Lynch v. Coinmaster USA, Inc., No. Civ. A. 96-365 JJF, 2006 WL 2616217, at *2 (D. Del. Sept. 12, 2006). However, these cases do not involve either insurers or the application of Missouri law, and as Ross notes, appointing the director of the Department of Insurance is "the functional equivalent of designating a registered agent" for service of process purposes under Missouri law. Strong v. Am. States Preferred Ins. Co., 66 S.W.3d 104, 107 (Mo. Ct. App. 2001) (quotations omitted).

Scottsdale directs the court's attention to two cases involving insurers: Masters v. Nationwide Mutual Fire Insurance Company, 858 F. Supp. 1184 (M.D. Fla. 1994), and Burton v. Continental Casualty Company, 431 F. Supp. 2d 651 (S.D. Miss. 2006). In Masters, the court held that the date on which the insurer's agent mails the process to the insurer is the date on which service is "received" for removal purposes. Masters, 858 F. Supp. at 1186. Applying Masters, Scottsdale's removal would still be untimely because the director mailed Scottsdale the

process on July 2, 2007, and Scottsdale did not file notice of removal until August 12, 2007.

In Continental, the court held that service upon the Commissioner of Insurance did not trigger the removal deadline, and that the deadline did not begin until the defendant-insurer actually received the pleading. The court declined to follow relevant state law, and held that because the Commissioner was only a statutory agent, service upon the Commissioner was insufficient to trigger the deadline. Continental, 431 F. Supp. 2d at 653-56.

Although Continental supports Scottsdale's position, American States is more persuasive, because it is a decision of this court, it applies Missouri state law, and it is more factually similar.

Therefore, because the 30-day removal deadline began on June 30, 2007, Scottsdale's August 12, 2007 notice of removal was untimely. The case must be remanded to the circuit court.

### **IV. MOTION FOR SANCTIONS**

Plaintiff seeks sanctions resulting from Scottsdale's removal of this action. When a court orders a remand, the court may also require payment of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The imposition of such sanctions is within the discretion of the trial court. Harris v. Alamo Rent A Car, LLC, No. 4:07 CV 865 JCH, 2007 WL 1701868, at *4 (E.D. Mo. June 11, 2007).

Ross argues that Scottsdale acted in bad faith by removing the action to federal court solely to gain additional time to comply with state court discovery matters. (Doc. 9 at 6-7.) Scottsdale denies this, and argues that it had grounds to remove the case. (Doc. 12 at 2-3.)

Because Scottsdale's position was not frivolous,[4] cf. Continental Cas. Co., 431 F. Supp. 2d at 653-56, the court declines to impose sanctions.

## V. CONCLUSION

Because Scottsdale did not timely file its notice for removal,

**IT IS HEREBY ORDERED** that the motion of plaintiff Jane Crawford Ross to remand (Doc. 9) is sustained.  This action is hereby remanded to the Circuit Court of St. Louis County for further proceedings.

**IT IS FURTHER ORDERED** that the motion of plaintiff Jane Crawford Ross for sanctions (Doc. 7) is denied.

                                          /S/   David D. Noce
                                     **UNITED STATES MAGISTRATE JUDGE**

Signed on November 19, 2010.

---

[4] Ross argues for sanctions pursuant to Fed. R. Civ. P. 11(b)(3), which provides for sanctions if an attorney falsely represents that his or her "factual contentions have evidentiary support." Fed. R. Civ. P. 11(b)(3). Ross argues that Scottsdale's statement — that it was served on July 14, 2007 — was lacking evidentiary support. However, because Scottsdale's arguments were not unfounded, Rule 11(b)(3) sanctions are not appropriate.